IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    v.

KELLY DAVID ANKENY, SR.,

        Defendant.

Case No.:  3:19-cr-00446-AN

OPINION AND ORDER

       On February 15, 2024, *pro se* defendant Kelly David Ankeny, Sr. filed this Motion for Release from Custody pursuant to 28 U.S.C. § 3582(c)(1)(A)(i), (c)(2).  The government opposes the motion.  For the reasons set forth below, defendant's motion is DENIED.

## LEGAL STANDARD

       A court generally "may not modify a term of imprisonment once it has been imposed."  18 U.S.C. § 3582(c).  This general rule, however, is subject to several exceptions.  *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021).

**A.**     **Reduction Pursuant to 18 U.S.C. § 3582(c)(2)**

       18 U.S.C. § 3582(c)(2) states:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing commission."

       The Ninth Circuit has established a two-step inquiry to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2).  *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017).  First, the court must determine whether the defendant is eligible for a sentence reduction under the Commission's policy statement in U.S. Sentencing Guideline ("USSG") § 1B1.10.  *Id.* at 880.  Second, if

the defendant is eligible for a sentence reduction, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotation marks omitted).

**B.      Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)**

A sentencing court may modify a term of imprisonment if (1) the defendant has fully exhausted his administrative remedies; (2) the Court finds that "extraordinary and compelling reasons warrant such a reduction"; (3) the Court considers the relevant factors in 18 U.S.C. § 3553(a); and (4) reducing the defendant's sentence is consistent with applicable policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(1)(A)(i).  A court must find that a defendant satisfies all requirements before granting a motion for compassionate release and may deny a motion for compassionate release if any requirements are not satisfied.  *United States v. Wright*, 46 F.4th 938, 946 (9th Cir. 2022).

## BACKGROUND

On September 26, 2019, defendant was indicted on eight counts.  Indictment, ECF [1].  On December 17, 2020, defendant pleaded guilty to one count of Possession with Intent to Distribute 50 Grams or More of Actual Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii), one count of Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), and three counts of Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).  Plea Pet. & Order, ECF [51], at 2-3.

Pursuant to the plea agreement, defendant agreed that he qualified as an Armed Career Criminal, resulting in a designated Criminal History Category of VI.  Plea Agreement, ECF [50], at 3, 6. The applicable sentencing guideline range was 292-365 months' imprisonment.  Statement of Reasons, ECF [71], at 1.  On July 8, 2021, defendant was sentenced to a 230-month term of incarceration.  J. & Comm., ECF [70], at 2.  This was a downward variance based on the 18 U.S.C. § 3553(a) factors.  Statement of Reasons 3.

On April 26, 2023, defendant filed a motion to reduce his sentence, asking the Court to reduce his sentence so that he would be eligible for a transfer to the camp at FCI Sheridan because he was ineligible for First Step Act credits. Def.'s Mot. to Reduce Sentence, ECF [74]. On May 2, 2023, U.S. District Judge Michael Mosman denied the motion, stating that courts lack the authority to require the BOP to apply FSA credits or house inmates at their preferred facility. Order, ECF [75].

On February 15, 2024, defendant filed the present motion for compassionate release. Defendant is presently incarcerated at FCI Terminal Island with a projected release date of December 25, 2034.

## DISCUSSION

Defendant appears to base his motion on both 18 U.S.C. § 3582(c)(1)(A)(i) and (c)(2). These bases are addressed in turn.

### A. 18 U.S.C. § 3582(c)(1)(A)(i)

#### 1. *Exhaustion of Administrative Remedies*

The administrative exhaustion requirement "is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). The government argues that defendant failed to demonstrate that he has fully exhausted his administrative remedies, because his motion states only that he "has applied to Warden at FCI Terminal Island for Compassionate release and was denied." Def.'s Mot. for Release from Custody ("Def.'s Mot."), ECF [76], at 2; Gov't.'s Resp., ECF [80], at 7-10. However, in his reply, defendant provides evidence that he submitted a request to the warden on December 1, 2023, which stated, "I am officially requesting [c]ompassionate release pursuant to U.S.S.C. Amendment 821 allowing Director of Bureau of prison to submit 3582 motion and under the FSA due to Covid-19 and health of my mother." Def.'s Reply, ECF [81], Ex. 1. Defendant did not receive a response within thirty days of submitting his request, and the present motion was filed more than thirty days after defendant submitted his request. *Id.* at 1-2, Ex. 2.

Ordinarily, this would resolve the exhaustion inquiry. However, defendant's motion raises grounds for reduction that were not mentioned in his request to the warden. That is, defendant's request to

the warden was based on Amendment 821, COVID-19, and his mother's health, but his motion is based on Amendment 821, COVID-19, his mother's health, *and* his rehabilitation. While there is contradicting case law on whether issue exhaustion is implicitly required to establish administrative exhaustion, district courts in the Ninth Circuit generally decline to review § 3582(c) arguments that were not raised in a request to the warden. *See, e.g.*, *United States v. Narez*, No. 1:05-cr-00231-AWI, 2021 WL 5566787, at *4 (E.D. Cal. Nov. 29, 2021) (denying two of defendant's § 3582(c) arguments without prejudice because "[n]othing in the evidence before the Court shows that these arguments were raised in a request to the warden"). Thus, defendant's argument that his rehabilitation warrants a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) is denied without prejudice for failure to demonstrate exhaustion of administrative remedies. However, the Court will address the merits of defendant's remaining bases that were presented to the warden.

2.    *Extraordinary and Compelling Reasons*

Defendant argues that the continuing health risk created by COVID-19 and his mother's age and health constitute extraordinary and compelling reasons warranting a reduction in his sentence. He clarifies that he is not seeking immediate release, but rather asks that his sentence be reduced so that he may be transferred to a facility closer to his family.

The government argues that defendant has not explained how COVID-19 personally affects him such that it constitutes an extraordinary and compelling reason warranting a sentence reduction. Gov't.'s Resp. 11. For example, the government notes that he has not alleged that he has contracted COVID-19 while incarcerated, that he is more susceptible to COVID-19, or that he has underlying health conditions that would place him at a great risk of complication if he contracted COVID-19. *Id.* Defendant clarified that he suffers from "hypertensions, Hep. C and seizures," but he provides no evidence substantiating this claim. Def.'s Reply 5. His remaining arguments address the impact of COVID-19 on his institution generally, such as allegations that "COVID-19 waves still affect [defendant's] institution," and that BOP "provide[s] no medical care or testing, and will not allow the defendant to protect himself[.]" Def.'s Mot. 4.

These arguments are insufficient to demonstrate an extraordinary and compelling reason. To the extent defendant expresses general concern about COVID-19 at his institution, "[g]eneral conditions in a prison related to COVID-19, without some circumstance individual to a particular defendant, are not sufficient to reduce the defendant's sentence." *United States v. Willis*, No. 3:12-cr-00292-HZ, 2023 WL 2625530, at *5 (D. Or. Mar. 22, 2023) (alterations and internal quotation marks omitted). Additionally, without substantiating evidence of defendant's alleged medical conditions, the Court cannot adequately assess the seriousness of his conditions in relation to COVID-19. *See, e.g.*, *United States v. Lomeli*, No. 3:12-cr-02791-JAH, 2022 WL 16752979, at *3 (S.D. Cal. Nov. 7, 2022) (noting that ordinary hypertension is not generally recognized as a basis for compassionate release). Nor has defendant provided any information regarding whether he has received a COVID-19 vaccination or boosters, which bears on the Court's inquiry. *See United States v. Wills*, 541 F. Supp. 3d 1185, 1191 (D. Or. 2021) (finding evidence that defendant received COVID-19 vaccination "'minimizes any increased risk he face[s] due to his medical conditions'"). Thus, defendant's medical conditions, in relation to COVID-19, are not extraordinary and compelling reasons warranting a sentence reduction.

Next, defendant argues that his mother is "over 90 years old and is having major health issues." Def.'s Mot. 8. He argues that she needs "daily assistance and [is] living alone with [a] serious heart condition," which "places more emotional stress on the defendant." *Id.* The government argues that USSG § 1B1.13(b)(3)(C) deems such family circumstances extraordinary and compelling only when "the defendant would be the only available caregiver for the parent." Gov't.'s Resp. 11-12. Because defendant does not allege that he is the only available caregiver, and evidence on the record indicates that he has at least one sibling who lives in Oregon, the government argues that defendant has not demonstrated that his mother's health is extraordinary and compelling. *Id.* at 12.

Defendant concedes that his family "is trying to provide home care for his mother," but argues that they are "having a hard time coping" and his sister, the primary care giver, "is having health issue[s] and can not cope." Def.'s Reply 2. He argues that, if his sentence is reduced and he is moved to FCI Sheridan, his mother could be brought to the camp on weekends to give his sister "a break to recover

and deal with her health issues," and that such visits would benefit defendant as well. *Id.*

As highlighted by the government, defendant has not shown that he is the only available caregiver for his mother. Defendant concedes that his family is providing care for his mother, despite some difficulties. Although defendant's desire to aid his family in providing care for his mother is commendable, defendant committed serious offenses less than a year after his release from a separate serious offense. Defendant's sentence, and its consequences, derive from the seriousness of his crimes. *See United States v. McMurray*, No. 3:12-cr-00360-HZ-1, 2021 WL 4473403, at *2 (D. Or. Sept. 29, 2021) ("Defendant committed a serious offense that carried a significant sentence. A consequence of that sentence is not being available to support family members as he desires."). Defendant's family circumstances are insufficient to demonstrate an extraordinary and compelling reason warranting a sentence reduction.

Because defendant has not established extraordinary and compelling reasons, a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is not warranted.

**B.      18 U.S.C. § 3582(c)(2)**

Defendant also moves to reduce his sentence based on a retroactive amendment to USSG § 4A1.1. On November 1, 2023, the Sentencing Commission amended the sentencing guidelines via Amendment 821. Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28254 (May 3, 2023). Part A, Part B, and Subpart 1 of Amendment 821 apply retroactively. USSG § 1B1.10(d).

Defendant's motion is based on Part A of Amendment 821, which altered USSG § 4A1.1(d). USSG § 4A1.1 governs the calculation of an offender's criminal history points to determine their criminal history category. Former subsection (d), now subsection (e), governs the criminal history points applied to offenders who committed the instant offense while under a criminal justice sentence, also known as "status points." Under the former version of USSG § 4A1.1, criminal history points were assessed based on the following:

"(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
"(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
"(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points

for this subsection.

"(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

"(e) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection."

USSG § 4A1.1 (2018).  Under the amended version of USSG § 4A1.1, criminal history points are assessed based on the following:

"(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

"(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

"(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.

"(d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

"(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

USSG § 4A1.1 (2023).  In sum, Part A of Amendment 821 modifies the application of status points by (1) limiting their application to offenders who receive seven or more points under subsections (a) through (d), and (2) reducing the points applied from two points to one point.

Defendant had three criminal history points based on three prior convictions that each received points.  Gov't.'s Resp. 5.  Two status points were added because, at the time of his offense, he was on supervised release following a prior conviction.  *Id.*  Thus, he had a total of five criminal history points at sentencing, placing him in Criminal History Category III.  USSG § 5A.

If defendant had been sentenced under amended USSG § 4A1.1, no status points would have been added, lowering his criminal history points total to three.  This would have placed him in Criminal History Category II.  *Id.*

Although Part A of Amendment 821 is applicable to defendant's sentence, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) if the applicable amendment "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline."

USSG § 1B1.10 app. note 1(A).  Here, defendant was sentenced as an Armed Career Criminal and, pursuant to his plea agreement, defendant agreed that he "used or possessed the firearm or ammunition in connection with . . . a controlled substance offense," automatically placing him in Criminal History Category VI. USSG § 4B1.4(c)(2).  Because defendant still qualifies as an Armed Career Criminal, even if he were sentenced under amended USSG § 4B1.1, his Criminal History Category would remain VI.  Thus, Amendment 821 does not lower defendant's applicable guideline range, and he is not eligible for a sentence reduction under USSG § 1B1.10(a)(1).

Because the Court finds defendant ineligible for sentence reduction under USSG § 1B1.10, and because defendant has not established extraordinary and compelling reasons warranting a sentence reduction, the Court declines to address the 18 U.S.C. § 3553(a) factors.  *Brito*, 868 F.3d at 880 (directing courts to consider 18 U.S.C. § 3553(a) factors only where defendant is eligible for reduction under USSG § 1B1.10).

## CONCLUSION

Accordingly, defendant's Motion for Release from Custody, ECF [76], is DENIED.

IT IS SO ORDERED.

DATED this 4th day of April, 2024.

Adrienne Nelson
United States District Judge